UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RICKEY RAWLS,

                    Plaintiff,

    -against-                                        9:16-CV-0582 (LEK/CFH)

DR. JOSHUA ROSENFIELD,

                    Defendant.

## ORDER

**I.    INTRODUCTION**

This civil rights action comes before the Court following a report-recommendation filed on November 28, 2017, by the Honorable Christian F. Hummel, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 49 ("Report-Recommendation"). Pro se plaintiff Rickey Rawls timely filed objections. Dkt. No. 52 ("Objections").

**II.    LEGAL STANDARD**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306 n.2 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011)

("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

### III.  DISCUSSION

The Court has considered the Objections and has undertaken a de novo review of the record. Plaintiff first objects to Judge Hummel's application of the legal standard governing motions for summary judgment. Objs. at 1–2. Specifically, he argues that Judge Hummel inappropriately failed to view relevant facts in the light most favorable to Plaintiff, as required when a court considers the opposing party's motion for summary judgment. Id.

Judge Hummel's well-reasoned and thorough decision does not conform with Plaintiff's objection. Plaintiff did not properly cite to evidence in the record in his Statement of Material Facts or his Response to Defendant's Statement of Material Facts. Rep.-Rec. at 9–11; see also Dkt. No. 35 ("Plaintiff's Statement of Material Facts"); Dkt. No. 46-1 ("Plaintiff's Response to Defendant's Statement of Material Facts"). Because Defendant did file a properly cited Statement of Material Facts, Dkt. No. 39-1, Judge Hummel correctly applied Local Rule 7.1(a)(3) and deemed admitted the facts that Defendant supported by evidence in the record and which Plaintiff did not specifically controvert. See Benjamin v. Kooi, No. 07-CV-506, 2010 WL 985844, at *4 (N.D.N.Y. Feb. 25, 2010) (collecting cases).

Plaintiff's other objections merely restate facts and arguments he has previously presented to Judge Hummel. Objs. at 3–13. Accordingly, the Court has reviewed the rest of the Report-Recommendation for clear error and has found none.

## IV.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 49) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants' Cross-Motion for Summary Judgment (Dkt. No. 39) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Motion for Summary Judgment (Dkt. No. 31) is **DENIED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     January 23, 2018
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge